## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                  **Case No. 09-CR-65**

**THOMAS H. BUSKE**
    **Defendant.**

### DECISION AND ORDER

The government charged defendant Thomas Buske with six counts of mail fraud (counts one to six), six counts of interstate transportation of stolen goods (counts seven to twelve), conspiracy to commit money laundering (count thirteen), seven counts of money laundering under 18 U.S.C. § 1956 (counts fourteen to twenty), and three counts of money laundering under 18 U.S.C. § 1957 (counts twenty-one to twenty-three). The government alleges that defendant, owner of an Illinois trucking firm, schemed to defraud the S.C. Johnson company by submitting false and fraudulent invoices for transportation services; that an employee of S.C. Johnson approved the invoices for payment, knowing them to be false, in exchange for kick-backs; and that defendant engaged in various financial transactions with the proceeds of the fraud.

Defendant filed pre-trial motions to dismiss counts thirteen through twenty-three of the indictment, for production of grand jury instructions, for a bill of particulars, and for notice of certain evidence. The magistrate judge handling pre-trial proceedings in this case recommended that the motion to dismiss counts thirteen through twenty be denied as moot,

as the government had moved to dismissed those counts,[1] and that the motion to dismiss counts twenty-one through twenty-three of the indictment be denied without prejudice.[2] The magistrate judge denied defendant's motion for production of the grand jury instructions, but granted his motions for a bill of particulars and for notice of certain evidence.

Defendant objects to the magistrate judge's denial of his motion for production of the grand jury instructions, but he does not otherwise object to the magistrate judge's recommendation and order. I may set aside a magistrate judge's order on a non-dispositive motion if the order is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a). Based on the facts set forth in the government's bill of particulars, defendant has also filed a renewed motion to dismiss counts twenty-one to twenty-three on venue grounds. Rather than referring that motion back to the magistrate judge, I will address it, as well as defendant's objection, herein.

## I. MOTION FOR PRODUCTION OF GRAND JURY INSTRUCTIONS

Defendant sought production so that he could determine whether the government properly instructed the grand jury on the meaning of the term "proceeds" under United States v. Santos, 128 S. Ct. 2020 (2008).[3] He indicated that he needed to review the instructions to

---

[1] I granted the government's motion to dismiss these counts on May 5, 2010.

[2] Defendant questioned venue in this district on counts twenty-one to twenty-three. The magistrate judge granted defendant's request for a bill of particulars regarding venue on these counts and denied the motion to dismiss without prejudice to its renewal after the government filed the bill.

[3] In Santos, the Court held that the term "proceeds" in the money laundering statute referred to "profits," not "receipts," where the underlying criminal activity was an illegal gambling operation. The Santos Court split 4-4 on whether "proceeds" always means profits or always means gross receipts. Justice Stevens concurred in the judgment, concluding that "this Court need not pick a single definition of 'proceeds' applicable to every unlawful activity, no matter

2

determine whether there was a basis to file a motion to dismiss counts twenty-one to twenty-three of the indictment.

Grand jury proceedings are presumptively secret. See Fed. R. Crim. P. 6(e). However, under Fed. R. Crim. P. 6(e)(3)(E)(ii), the court may authorize disclosure of a grand jury matter at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. The burden is on the defendant to show that disclosure of grand jury transcripts is appropriate, Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959), and disclosure will be granted only if the defendant can demonstrate a "compelling necessity" or "a particularized need" sufficient to overcome the important interest in securing grand jury secrecy, e.g., United States v. Lisinski, 728 F.2d 887, 893 (7th Cir. 1984).

Where the defendant seeks disclosure based on alleged prosecutorial misconduct before the grand jury, he must show that the alleged misconduct would compel dismissal of the

---

how incongruous some applications may be." Id. at 2032 (Stevens, J., concurring). Justice Stevens agreed with the dissenters that Congress intended the term "proceeds" to include gross revenues from the sale of contraband and the operation of organized crime syndicates involving such sales, id., but agreed with the plurality that the "revenue generated by a gambling business that is used to pay the essential expenses of operating that business is not 'proceeds' within the meaning of the money laundering statute," id. at 2033. In 2009, Congress amended the money laundering statute to confirm that "the term proceeds means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity." 18 U.S.C. § 1956(c)(9); see also 18 U.S.C. § 1957(f)(3) ("the terms 'specified unlawful activity' and 'proceeds' shall have the meaning given those terms in section 1956 of this title"). However, in the present case, defendant is alleged to have committed § 1957 violations in 2004, and § 1956(c)(9) is silent on retroactivity. The Seventh Circuit has not yet definitively resolved how the fractured decision in Santos should apply to such interim cases. See United States v. Hodge, 558 F.3d 630, 634 (7th Cir. 2009) (declining to apply Justice Stevens's approach based on the government's concessions); see also United States v. Van Alstyne, 584 F.3d 803, 811 (9th Cir. 2009) (discussing the circuits various interpretations of Santos).

3

indictment. See United States v. Murray, 751 F.2d 1528, 1533 (9th Cir. 1985). Dismissal of an indictment is appropriate only if the prosecutorial misconduct prejudiced the defendant. United States v. Anderson, 61 F.3d 1290, 1296 (7th Cir. 1995). "Prejudice occurs if a 'violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence' of the violation." Id. (quoting Bank of Nova Scotia v. United States, 487 U.S. 250, 256 (1988)). "Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy." United States v. Ferrebouef, 632 F.2d 832, 835 (9th Cir. 1980) (internal quote marks omitted); see also United States v. Budzanoski, 462 F.2d 443, 454 (3d Cir. 1972) ("[M]ere speculation that such improprieties may have occurred will not suffice to support that required showing."); United States v. Naegele, 474 F. Supp. 2d 9, 10 (D.D.C. 2007) ("It is also settled that conclusory or speculative allegations of misconduct do not meet the particularized need standard; a factual basis is required.").

Before the magistrate judge, the government represented that it intended to prove at trial that the money involved in the financial transactions charged in counts twenty-one to twenty-three constituted net profits. The magistrate judge thus concluded that, regardless of whether the grand jury was properly instructed on the definition of "proceeds," in order to obtain a conviction from the petit jury the government would have to prove beyond a reasonable doubt that the financial transactions alleged in counts twenty-one to twenty-three involved proceeds of the specified unlawful activity as that term was defined in Santos.

> Such being the case, the defendant has not come within haling distance of demonstrating that he has been prejudiced by any alleged erroneous instructions given to the grand jury.
>
> Of course, whether the government will be successful in proving at trial each and

4

> every essential element of § 1957 remains to be seen. It is sufficient to say at this stage of the proceedings, however, that Buske has failed to demonstrate a particularized need for the grand jury minutes. Buske's motion for production of grand jury minutes will therefore be denied.

(Recommendation and Order [R. 46] at 11.)

In his objections, defendant acknowledges that in order to obtain dismissal he will have to show prejudice. The instant request, however, is for disclosure, not dismissal. Without disclosure, defendant contends, he has no way of making the required showing of prejudice. "By putting the cart before the horse, the Magistrate Judge effectively nullifies the defendant's ability to obtain disclosure of grand jury materials under Rule 6(e)(3)(E)(ii) and his right to obtain dismissal of an indictment because of a matter that occurred before the grand jury." (Def.'s Objection [R. 48] at 5.)

Defendant's argument has some force. On appeal, errors before the grand jury may be deemed harmless based on the petit jury's guilty verdict. See United States v. Mechanik, 475 U.S. 66, 70 (1986) ("Measured by the petit jury's verdict, then, any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt."). For the district court to, in effect, preemptively apply the harmless error rule of Mechanik to deny a Rule 6(e)(3)(E) motion may make it virtually impossible for a defendant to challenge an indictment based on grand jury irregularities.

However, I find that defendant's motion fails for a different reason – he offers no more than speculation that the government misinstructed the jury on this issue. See United States v. Stafford, No. 08-122, 2009 WL 275470, at *3 (D. Del. Feb. 5, 2009) (denying motion for disclosure where the defendant speculated that the government gave improper instructions to the grand jury); United States v. Trie, 23 F. Supp. 2d 55, 61 (D.D.C. 1998) ("A great deal more

5

than mere speculation that a grand jury has been improperly instructed is required to satisfy this standard."). In his objections, defendant notes that the government urged an erroneous construction of the term "proceeds" in Hodge, which was argued before the Seventh Circuit on November 2, 2007. The grand jury returned the instant indictment on March 10, 2009; Hodge, in which the court of appeals characterized the government's argument on this point as "preposterous," came down the next day. 558 F.3d at 630, 632. Defendant concludes:

> Given the fact that the government was maintaining a clearly erroneous position with respect to the definition of proceeds during this period of time, there is reason to believe that the Buske grand jury was not correctly instructed. The fact that the grand jury returned eight other money laundering counts against the defendant that have now been dismissed casts further doubt on the validity of the instructions with respect to the remaining three counts

(Def.'s Objection at 6.)

That the government got the law wrong in Hodge, a case out of the Northern District of Illinois argued by a different United States Attorney's Office, does not mean that the prosecutor in the present case made the same mistake. This is not a case where the prosecutor who appeared before defendant's grand jury is on record advocating an erroneous construction of the law, which might permit such an inference. Cf. United States v. Ho, No. 08-00337, 2009 WL 2591345, at *4 (D. Haw. Aug. 20, 2009) (granting the defendant's request for disclosure where the prosecutor, on the record, expressed an incorrect understanding of the law, with which he may have misled the grand jury). Further, although the government has since dismissed counts thirteen to twenty, there is no indication that it did so based on flaws in its grand jury presentation, such that I can infer that the government may have (also) misinstructed

6

the grand jury on counts twenty-one to twenty-three.[4]  Therefore, I will not disturb the magistrate judge's denial of this motion.[5]

## II. MOTION TO DISMISS BASED ON VENUE

Counts twenty-one to twenty-three charge the defendant with engaging in "monetary transactions" with the proceeds of specified unlawful activity ("SUA"), contrary to 18 U.S.C. §1957. Specifically, the government alleges that defendant wrote three checks, in an amount greater than $10,000, on his personal account at the Bank of Edwardsville (Illinois) to the Bellagio Casino in Las Vegas, Nevada. Defendant moves to dismiss because venue for these counts does not lie in the Eastern District of Wisconsin. He also requests an evidentiary hearing to present testimony and evidence in support of his position.

Article III, § 2 of the Constitution and Fed. R. Crim. P. 18 guarantee an accused the right to be tried where the crime was committed. Congress has indicated that venue for a § 1957 offense may lie in:

(A) any district in which the financial or monetary transaction is conducted; or

---

[4]In its response to defendant's objection, the government states that it moved to dismiss counts thirteen to twenty, not because of its errors before the grand jury, but rather "because further analysis of the funds involved in those counts indicated that they were not 'net proceeds' as judicially defined for purposes of the criminal money laundering statutes at that time." (Govt.'s Resp. [R. 49] at 2 n.1.)

[5]I have assumed that an error in instructing the grand jury, as defendant alleges, could warrant dismissal of the affected counts of the indictment, although I note that the law is not as clear as defendant might like. See United States v. Warren, 16 F.3d 247, 252-53 (8th Cir. 1994) (citing United States v. Larrazolo, 869 F.2d 1354, 1359 (9th Cir. 1989) (noting that the prosecutor has no duty to outline the elements of the crime as long as the elements are at least implied and the instructions are not flagrantly misleading), overruled on other grounds by Midland Asphalt Corp. v. United States, 489 U.S. 794 (1989); United States v. Zangger, 848 F.2d 923, 925 (8th Cir. 1988) (noting that the prosecutor is under no obligation to give the grand jury legal instructions)).

7

> (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.

18 U.S.C. § 1956(i)(1).

In his motion, defendant indicates that the prosecution for the specified unlawful activity (the fraud scheme) is properly brought in this district, but the subject monetary transactions did not occur in this district. The issue, therefore, is whether defendant participated in the transfer of the proceeds of the fraud scheme from the Eastern District of Wisconsin to the district where the monetary transactions were conducted. This, in turn, will require a determination of where the transactions occurred – in Las Vegas when he provided the checks to the Bellagio, or in Edwardsville, Illinois where his bank is located. Defendant contends that the government must also prove that proceeds of the fraud ended up in his personal bank account, and that the checks to the Bellagio involved the proceeds of the specified unlawful activity.

> In summary, to determine whether venue in the Eastern District of Wisconsin is appropriate for Counts 21-23, the Court must first identify the district in which the monetary transactions occurred. Second, the Court must determine whether the transactions were conducted with the proceeds of the specified unlawful activity. Third, the Court must determine whether the defendant "participated in the transfer of the proceeds" from the Eastern District of Wisconsin to the district where the monetary transaction occurred.

(Def.'s Mot. to Dismiss on Venue Grounds [R. 52] at 7.)

At trial, the government bears the burden of demonstrating by a preponderance of the evidence that the crimes occurred in the district charged. See United States v. Brandon, 50 F.3d 464, 469 (7th Cir. 1995); United States v. Sax, 39 F.3d 1380, 1390 (7th Cir. 1994). The Seventh Circuit has held that if improper venue is apparent on the face of the indictment an objection must be lodged by pre-trial motion or otherwise before the close of the government's

8

case.  See Brandon, 50 F.3d at 469 (citing United States v. John, 518 F.2d 705, 708-09 (7th Cir. 1975)); United States v. Bohle, 445 F.2d 54, 58-59 (7th Cir. 1971), overruled on other grounds by United States v. Lawson, 653 F.2d 299 (7th Cir. 1981).  However, if it is not obvious from the indictment, then improper venue can be raised as a motion for acquittal.  Brandon, 50 F.3d at 469.

In the present case, defendant concedes that the issue cannot be resolved from the face of the indictment or the bill of particulars.  Under these circumstances, resolution via pre-trial motion is inappropriate.  While a defendant may challenge the sufficiency of an indictment via pre-trial motion, he may not challenge the sufficiency of the government's evidence.  See, e.g., United States v. George, 403 F.3d 470, 472 (7th Cir. 2005); United States v. Risk, 843 F.2d 1059, 1061 (7th Cir. 1988); see also Fed. R. Crim. P. 12(b)(2) (stating that the court must be able to decide pre-trial motions "without a trial of the general issue"); United States v. Yasak, 884 F.2d 996, 1001 (7th Cir. 1989) ("A motion to dismiss is not intended to be a 'summary trial of the evidence.'").

The government indicates that it will, at trial, prove that the checks defendant negotiated at the casino contained funds derived from the SUA; that prior to negotiating the checks defendant participated in moving fraudulently-obtained SUA funds from this district to the Southern District of Illinois and into the bank account in that district on which the subject checks were drawn; and that funds in defendant's personal bank account from which the subject checks were drawn contained proceeds of the SUA described in the indictment.  Whether the government can succeed in proving these facts at trial remains to be seen, but holding a pre-trial evidentiary hearing would be improper.  Rather, the factual issue is properly decided by the jury in the first instance.  See, e.g., United States v. Snipes, No. 08-12402, 2010 WL

9

2794190, at *7-8 (11th Cir. July 16, 2010) (holding that the district court properly denied an evidentiary hearing on the defendant's venue challenge; where the grand jury returned a facially sufficient indictment, with a clear statement of venue, the factual determination of venue was for the jury); United States v. Balsiger, No. 07-CR-57, 2008 WL 4964716, at *4 (E.D. Wis. Nov. 11, 2008) (Clevert, J.) (upholding magistrate's judge decision not to hold evidentiary hearing on venue challenge).

Finally, if it turns out that the government fails at trial to establish venue by a preponderance of the evidence defendant will have preserved his objection and may renew it then. To the extent that Fed. R. Crim. P. 12(d) directs the district court to decide a pre-trial motion before trial, for the reasons set forth above, good cause exists to defer ruling, and because defendant's objection is preserved his rights are not adversely affected by this decision.[6]

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion to dismiss counts twenty-one to twenty-three on venue grounds (R. 52) is **DENIED**.

**IT IS FURTHER ORDERED** that the magistrate judge's recommendation (R. 46) is adopted and defendant's motion to dismiss counts thirteen to twenty (R. 36) is **DENIED AS MOOT**.

**FINALLY, IT IS ORDERED** that defendant's objection to the magistrate judge's

---

[6]Defendant argues that a jury may not appreciate a "hyper-technical" venue defense. The court must be able to assume that juries appropriately follow instructions and hold the government to its burden on all issues. Further, defendant may, if the evidence at trial proves lacking, ask the court to direct an acquittal.

10

recommendation and order (R. 46) is overruled.

Dated at Milwaukee, Wisconsin, this 29th day of July, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge