## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    v.                                    **Case No. 09-CR-65**

**THOMAS H. BUSKE**
        **Defendant.**

### DECISION AND ORDER

The government charged defendant Thomas Buske with mail fraud and related offenses arising out of a scheme to defraud the S.C. Johnson Company ("SCJ"). The government alleges that between 1999 and 2004 defendant submitted fraudulent invoices for transportation services provided to SCJ by his trucking company, Buske Intermodal, which an SCJ insider, Milt Morris, approved in exchange for kick-backs. The government now moves in limine to admit under Rule 404(b) evidence of a similar scheme defendant allegedly executed to defraud another company. Because I find the Rule's requirements satisfied, I grant the motion.

### I. APPLICABLE LEGAL STANDARDS

The government may not introduce evidence of other crimes, wrongs, or acts in order to prove the defendant's propensity to commit the crime charged. Fed. R. Evid. 404(b)(1); e.g., United States v. Miller, 673 F.3d 688, 694-95 (7th Cir. 2012). However, such evidence may be admitted for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b)(2); e.g., United States v. Edwards, 581 F.3d 604, 609 (7th Cir. 2009). In deciding whether to admit 404(b) evidence, the district court considers whether: (1) the evidence is directed toward

establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. E.g., United States v. Chapman, 692 F.3d 822, 827 (7th Cir. 2012); United States v. Reese, 666 F.3d 1007, 1015 (7th Cir. 2012). "The admission of this type of evidence always carries with it some risk of unfair prejudice to the defendant, but the critical issue is whether that risk is sufficiently outweighed by other factors." Chapman, 692 F.3d at 827; see also United States v. Vargas, 552 F.3d 550, 557 (7th Cir. 2008) (explaining that the more probative the evidence the more the court will tolerate some risk of prejudice, while less probative evidence will be received only if the risk of prejudice is more remote).

## II. DISCUSSION

### A. The Proposed 404(b) Evidence

In June of 2011, a grand jury sitting in the Eastern District of Missouri handed up an indictment alleging that defendant (identified as "T.B.") and a man named John K. Perry devised and executed a scheme to defraud the Ford Motor Company. Specifically, the indictment alleged that from 2001 to 2004 Perry, the manager of a Ford plant in St. Louis, conspired with defendant, owner of a transportation logistics company called SPD-1 and a real estate company called TMT, to submit inflated invoices to Ford for transportation and storage services, which Perry approved in exchange for kickbacks. The indictment also alleged that Perry solicited bribes from another company, Syms Trucking, in exchange for allowing Syms

2

to keep its contract with Ford. The indictment charged Perry with tax evasion based on his failure to report the income from these schemes. (R. 99-1.) A jury convicted, and the court sentenced Perry to 51 months in prison. The government seeks to introduce in this case evidence of defendant's participation in Perry's scheme to defraud Ford, arguing that such evidence is probative of intent, motive, plan, and absence of mistake in defendant's commission of the instant offense.

**B. Analysis**

**1. Matter Other than Propensity**

In order to obtain a conviction for mail fraud, the government must prove, inter alia, that defendant acted with the specific intent to deceive or cheat for the purpose of getting financial gain or causing financial loss. United States v. Howard, 619 F.3d 723, 727 (7th Cir. 2010). The government notes that at a previous hearing in this case defendant suggested that Morris extorted him. The government believes, based on these comments, that defendant plans to place his intent at issue, arguing that the kickbacks to Morris were the result of his fear of economic harm rather than a specific intent to defraud SCJ. It seeks to introduce evidence of the Ford/Perry scheme in order to rebut such a defense and prove defendant's intent to defraud SCJ. (See R. 102 at 2, "It is possible that Buske needed business so badly that he was susceptible to one corrupt employee's coercion, but it is a less persuasive excuse if Buske was also making similar payments elsewhere.").

Defendant responds that the comment upon which the government relies was made over a year ago by a lawyer no longer involved in the case, and that it would be premature to conclude that he intends to present such a defense. However, he does not disavow the

3

defense and, in any event, the Seventh Circuit has "frequently held that intent is always at issue in specific intent crimes," even in the absence of a particular intent-related defense. United States v. Conner, 583 F.3d 1011, 1022 (7th Cir. 2009) (citing United States v. Ross, 510 F.3d 702, 713 (7th Cir. 2007); United States v. Brown, 250 F.3d 580, 584 (7th Cir. 2001)); United States v. Chaimson, 760 F.2d 798, 806 (7th Cir. 1985); see, e.g., United States v. Neely, 980 F.2d 1074, 1079 (7th Cir. 1992) (allowing 404(b) evidence of intent in mail fraud prosecution, even though the defendant did not contest that element); see also United States v. Gellene, 182 F.3d 578, 595 (7th Cir. 1999) ("When the defendant is charged with a specific intent crime, as Mr. Gellene is, the government may present other acts evidence to prove intent.") (internal quote marks omitted). In addition to intent, evidence of the Ford/Perry scheme is also relevant to knowledge/absence of mistake in the submission of inflated invoices and to defendant's plan/motive in submitting such invoices in conjunction with side payments to the insider who approved them. Cf. United States v. Lennartz, 948 F.2d 363, 367-68 (7th Cir. 1992) (allowing evidence of previous fraudulent over-billing as relevant to the defendant's knowledge of appropriate billing practices and to his specific intent to defraud).

### 2. Similarity

The two schemes are virtually identical: both involve defendant allegedly submitting inflated invoices for services provided by his companies, which were approved by a trusted insider in exchange for kickbacks, during the same period of time. Defendant notes that the Perry case involved different Buske-owned companies, which provided different kinds of services to Ford. These are superficial differences; the gravamen of the schemes is the same. In any event, the Seventh Circuit has never required that prior acts be duplicates, just sufficiently similar to support the relevant inference. See, e.g., United States v. Long, 86 F.3d

4

81, 84 (7th Cir. 1996).

### 3. Sufficiency of the Evidence

The government cannot simply rely on the Perry verdict in order to prove up the other bad act in this case; defendant was not charged in Perry's case, and Perry was convicted of tax evasion rather than defrauding Ford. However, the government has proffered sufficient evidence to permit a reasonable jury to find, by a preponderance of the evidence, that the other act occurred. See United States v. Burke, 425 F.3d 400, 410 (7th Cir. 2005) (applying the preponderance standard).

The government states that it will prove up the Ford/Perry scheme through two additional witnesses, both of whom testified at the Perry trial: Tom Moore, a former Buske employee, who testified that SPD-1 submitted false and inflated invoices, which Perry approved; and John Perry's ex-wife, Tamara Perry, who testified that defendant paid John Perry tens of thousands of dollars in cash and other valuable consideration in kickbacks during their marriage when John Perry worked for Ford in St. Louis. These witnesses (assuming they testify consistently with their testimony in the Perry trial)[1] will provide a first-hand account of the key aspects of the Ford scheme – inflated invoices and cash payments. See United States v. Allison, 120 F.3d 71, 75 (7th Cir. 1997) (affirming admission of prior acts established through first-hand testimony, which was sufficient to support a jury finding that the acts had occurred). Further, IRS special agent Juli Ricchio, in addition to testifying about the charged offenses, will explain that defendant converted large amounts of Ford's payments to his company into cash during the time period that Perry got cash payments from defendant.

---

[1] The government indicates that it will provide transcripts of their testimony.

5

### 4. Probative Value v. Danger of Unfair Prejudice

Given the strong similarity between the SCJ scheme and the Ford scheme, the likelihood that the jury will draw the forbidden propensity inference is slight. As the Seventh Circuit noted in United States v. Paredes, 87 F.3d 921, 925 (7th Cir. 1996) (internal citation omitted):

> Courts exclude dissimilar evidence under Rule 404(b) because of the increased potential that a jury will use the evidence to make the forbidden inference: because the defendant committed an earlier crime, she is the type of person who is likely to commit crimes, and therefore she committed this crime. However, where the crimes are similar and the similarity is probative of an issue identified in Rule 404(b), the risk of the jury making the forbidden inference is slight.

Nor is this the type of evidence that would cause the jury to decide the case on an improper, e.g., emotional, basis. See United States v. Chambers, 642 F.3d 588, 594 (7th Cir. 2011).

Despite defendant's concerns about a "trial within a trial," presentation of this evidence – through just two additional witnesses – will not substantially lengthen the proceedings in this case. Nor does it seem likely that the jury will be confused by presentation of evidence regarding the relationships between defendant's companies and Ford, on the one hand, and SCJ on the other.

Finally, I will provide an appropriate limiting instruction. Such instructions are "effective in reducing or eliminating any possible unfair prejudice from the introduction of Rule 404(b) evidence," United States v. Jones, 455 F.3d 800, 809 (7th Cir. 2006), and the court assumes that the jury follows them, United States v. Miller, 688 F.3d 322, 330 (7th Cir. 2012); see also United States v. Chambers, 642 F.3d 588, 595 (7th Cir. 2011) (presuming, absent a showing that the jury could not follow the court's instruction, that the jury limited its consideration of the testimony in accordance with the instruction).

6

## III.  CONCLUSION

**THEREFORE, IT IS ORDERED** that the government's motion to admit evidence (R. 95)[2] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

---

[2]Docket # 96 is a duplicate of # 95.  The clerk may terminate # 96.